**UNITED STATES DISTRICT COURT
DISTRICT OF MAINE**

| | |
|---|---|
| KNOX COUNTY, State of Maine, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff<br><br>v.<br><br>PURDUE PHARMA L.P.; PURDUE PHARMA INC.; THE PURDUE FREDERICK COMPANY; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.; JOHNSON & JOHNSON; JANSSEN PHARMACEUTICALS, INC.; JANSSEN PHARMACEUTICA, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ORTHO-MCNEIL-JANSSEN PHARMACEUTICALS, INC. N/K/A JANSSEN PHARMACEUTICALS, INC.; ENDO HEALTH SOLUTIONS INC.; ENDO PHARMACEUTICALS, INC.; ALLERGAN PLC F/K/A ACTAVIS PLC; ALLERGAN FINANCE, LLC F/K/A ACTAVIS, INC. F/K/A WATSON PHARMACEUTICALS, INC.; WATSON LABORATORIES, INC.; ACTAVIS LLC; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; INSYS THERAPEUTICS, INC.; MALLINCKRODT ENTERPRISES LLC; MCKESSON CORPORATION; CARDINAL HEALTH 110 LLC; AMERISOURCEBERGEN DRUG CORPORATION; CVS PHARMACY, INC.; WALGREENS BOOTS ALLIANCE, INC. AKA WALGREEN CO.; WALMART INC.; RITE AID CORPORATION; RITE AID OF MARYLAND, INC.; RITE AID OF | Civil Action No. 2:19-cv-00371-DBH<br><br>(Formerly Civil Action No. 19-14, Superior Court of the State of Maine, County of Knox) |

| |
|---|
| MAINE, INC.; DOUGLAS J. JORGENSEN, D.O.; MARK E. CIENIAWSKI, M.D.; and MICHAEL B. BRUEHL, M.D., |
| Defendants. |

**SUPPLEMENTAL NOTICE OF REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441, 1446, and 1453, and with full reservation of defenses, Defendant CVS Pharmacy, Inc. ("CVS") files this supplemental notice of the removal of this action originally filed in the Superior Court of the State of Maine, County of Knox, to the United States District Court for the District of Maine and removed by Amerisourcebergen Drug Corporation on August 14, 2019. In further support of removal, CVS provides this "short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a); *see also Dart Cherokee Basin Operating Co.* v. *Owens*, 135 S. Ct. 547, 553 (2014) ("By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure.").

**I.   Background**

1. On May 15, 2019, Plaintiff, the County of Knox, filed a Class Action Complaint ("Compl.") in the Superior Court of the State of Maine, Knox County, for claims relating to prescription opioid medications. *See* Ex. 1.

2. On August 14, 2019, Defendant Amerisourcebergen Drug Corporation removed this action to this Court.

3. This action is one of more than 2,000 opioid lawsuits filed by political subdivisions against manufacturers, distributors, and dispensers of prescription opioid medications. Plaintiffs in these cases contend that Defendants are liable for economic and non-economic harms they allege were caused by the abuse of prescription opioid medications.

4. On December 5, 2017, the Judicial Panel on Multidistrict Litigation ("JPML") created a Multidistrict Litigation in the Northern District of Ohio ("Opiate MDL") for all of these cases—cases in which "cities, counties and states . . . allege that: (1) manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians, and/or (2) distributors failed to monitor . . . and report suspicious orders of prescription opiates." *In re Nat'l Prescription Opiate Litig.*, MDL No. 2804, Dkt. No. 328 (Dec. 5, 2017 Transfer Order) (Ex. 2). To date, more than 1,400 actions have been transferred to the Opiate MDL.

5. Plaintiff County of Knox asserts claims for public nuisance, fraud, unjust enrichment, negligence, and negligent marketing. Plaintiff asserts these claims on behalf of a class made up of "Maine Counties, Cities, Towns, and Villages." Compl. ¶¶ 62, 858-65. Plaintiff asserts that the Maine counties, cities, towns, and villages and their residents have suffered a litany of injuries due to the residents' alleged abuse of addictive opioids. *See, e.g.*, *id.* ¶¶ 62, 860. To remedy

3

these injuries, Plaintiff seeks compensatory damages and punitive damages on a class-wide basis. *Id.* at p. 270.[1]

## II. Removal Under CAFA

6. CAFA extends federal diversity jurisdiction to class actions if the aggregate amount in controversy exceeds $5 million; there are at least 100 members of the proposed plaintiff class; and any member of the class of plaintiffs is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(1)(B), (d)(2), (d)(5)(B), (d)(6). Each of these requirements is met here.

### A. This Case is a Class Action

7. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8. Plaintiff seeks to bring this case as a class action under Rule 23 of the Maine Rules of Civil Procedure—Maine's analog to Rule 23 of the Federal Rules of Civil Procedure—which authorizes a representative party to bring suit on behalf of a class. *Compare* Me.R.Civ.P 23 *with* Fed. R. Civ. P. 23; *see also* Compl. ¶¶ 858-865. Accordingly, this case qualifies as a removable class action under CAFA.

### B. The Aggregate Amount in Controversy Exceeds $5 Million

9. For a case to be removable under CAFA, the amount in controversy must exceed $5 million, exclusive of interest and costs. 28 U.S.C. §§ 1332(d)(2),

---

[1] In its Prayer for Relief, Plaintiff seeks an award of "damages, penalties, costs and attorney's fees pursuant to the Maine Unfair Trade Practices Act [MUTPA]." Compl. at Prayer for Relief at p. 270, ¶ iii. Plaintiff did not, however, plead a claim under the MUTPA in the Complaint.

4

(d)(6). The amount in controversy is calculated by aggregating the claims of the individual class members. 28 U.S.C. § 1332(d)(6). If the complaint does not allege a specific amount in controversy, the party seeking federal jurisdiction must establish the amount in controversy by "reasonable probability standard is . . . for all practical purposes identical to the preponderance standard." *Romulus* v. *CVS Pharmacy, Inc.*, 770 F.3d 67, 80 n. 13 (1st Cir. 2014) (quoting *Amoche* v. *Guar. Trust Life Ins. Co.*, 556 F.3d 41, 50 (1st Cir. 2009)).

10. Here, Plaintiff alleges injuries resulting from opioid abuse and addiction that have allegedly afflicted the residents of the County of Knox and Maine's other counties, cities, towns, and villages, with allegations extending as far back as the 1990s. *See, e.g.*, Compl. ¶ 11 ("Defendants, through a sophisticated and highly deceptive and unfair marketing campaign that began in the late 1990s . . . ."). Plaintiff alleges that it "spent substantial amounts each year for services, including law enforcement, maintenance and staffing of the jail and court facilities and for various and sundry other daily benefits to the residents" of their counties, cities, towns, and villages. *Id.* at ¶ 2. Plaintiff further alleges that local governments have been required to take steps to fight the continued rise of the opioid epidemic. *Id.* at ¶¶ 36-38, 40.

11. Although Plaintiff does not allege a specific amount in controversy, it seeks compensatory damages and punitive damages on a class-wide basis. *Id.* at ¶ 270. Further, Plaintiff alleges Maine's counties, cities, towns, and villages have spent "millions of dollars each year" to combat Defendants' alleged deceptive

marketing campaign, and the putative class members "continue to incur costs related to opioid addiction and abuse, including, but not limited to, health care costs, criminal justice and victimization costs, social costs, and lost productivity costs." *Id*. at ¶¶ 58, 702. Given the extent of the alleged injuries and the time period, it is clear that the alleged amount in controversy exceeds $5 million.[2]

### C. There Are at Least 100 Members of the Proposed Class

12. CAFA confers jurisdiction over class actions with at least 100 proposed class members. 28 U.S.C. § 1332(d)(5)(B). The party seeking federal jurisdiction must establish by a preponderance of the evidence that CAFA's numerosity requirement is met. *See, e.g.*, *Serrano* v. *180 Connect, Inc.*, 478 F.3d 1018, 1024 (9th Cir. 2007) (removing defendant "met their preliminary burden . . . to establish that the putative plaintiff class includes 100 or more persons.").

13. Here, Plaintiff asserts that it intends to bring a class action on behalf of all of Maine counties, cities, towns, and villages. Compl. ¶¶62, 858-865. As of June 30, 2012, the State of Maine had 488 incorporated municipalities, which include cities, towns, and plantations spread across 16 counties.[3] Accordingly, there is no doubt that the potential number of proposed class members exceeds CAFA's 100-member requirement by several multiples.

---

[2] The amount in controversy represents only what Plaintiff requests at this stage in the proceeding. This is not an admission that Plaintiff is entitled to recover this amount. *See, e.g.*, *Lewis*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. To establish the jurisdictional amount, [the defendant] need not concede liability for the entire amount[.]" (citations omitted)).

[3] U.S. Census Bureau, 2012 Census of Government, Individual State Descriptions: 2012, U.S. Government Printing Office, Washington, DC, 2013. https://www2.census.gov/govs/cog/2012isd.pdf at p. 128.

6

### D. Minimal Diversity Exists Between the Parties

14. Under CAFA, class actions need only have minimal diversity between the parties as opposed to complete diversity. *See* 28 U.S.C. § 1332(d)(2)(A). In other words, a case satisfies CAFA's diversity requirement as long as the plaintiff's citizenship differs from that of at least one defendant. *Id.*

15. For purposes of diversity jurisdiction, a political subdivision is a citizen of the state. *See Moor* v. *Alameda Cnty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State . . . is a citizen of the State for diversity purposes."). A corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. §1332(c)(1). For CAFA purposes, the citizenship of any unincorporated association, such as limited partnerships and limited liability companies, also is determined by the entity's state of incorporation and principal place of business. 28 U.S.C. § 1332(d)(10).

16. Here, all of the members of the proposed class—namely, the counties, cities, towns, and villages of Maine—are citizens of Maine, and all but 4 of the 30 defendants are citizens of states other than Maine or foreign states. *See id.* ¶¶ 63, 67-68, 74, 78, 81, 83, 85, 87, 94, 99, 107-112, 114, 119, 124. For example:

    i.    Defendant Purdue Pharma, L.P. is organized under the laws of Delaware with its principal place of business in Stamford, Connecticut. *Id.* ¶ 63.

    ii.    Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. *Id.* ¶ 67.

7

iii. Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. *Id.* ¶ 68.

iv. Defendant Allergan PLC is incorporated under the laws of Ireland with its principal place of business in Dublin, Ireland. *Id.* ¶ 81.

v. Defendant McKesson Corporation is a Delaware corporation with its principal place of business in Las Colinas, Texas.

vi. Defendant Cardinal Health 110 LLC is a Delaware corporation with its principal place of business in Dublin, Ohio. *Id.* ¶ 94.

vii. Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island. *Id.* ¶ 107.

17. Because there is diversity of citizenship between at least one plaintiff and at least one defendant, CAFA's minimal diversity requirement is met.[4]

## III. Compliance with Procedural Requirements

18. CVS files this Supplemental Notice of Removal under 28 U.S.C. §§ 1441(a) and 1453 in the United States District Court for the District of Maine because the Superior Court of the State of Maine, Knox County is located within this district.

19. Under CAFA, "[a] class action may be removed . . . by any defendant *without* the consent of all defendants." 28 U.S.C. § 1453(b) (emphasis added). Therefore, CVS need not obtain the other defendants' consent to remove this action.

20. CVS has satisfied the procedural requirements for removal under 28 U.S.C. § 1446. This Notice is signed pursuant to Federal Rule of Civil Procedure 11. CVS was served on July 16, 2019, and a copy of the Complaint and Summons are

---

[4] In the past three years, similar class actions have been filed against many of the same defendants on behalf of other persons.

attached as Exhibit 1. As discussed above, CAFA serves as the grounds for this removal. Because CVS's 30-day removal clock has not yet expired, this removal is timely.

## Conclusion

For these reasons, CVS removes this action to this Court from the Superior Court of the State of Maine, Knox County, to this Court and intends to seek to have this case transferred to the Opiate MDL.

Date:   August 15, 2019

Respectfully submitted,

CVS Pharmacy Inc.

/s/ *Geraldine G. Sanchez*
Geraldine G. Sanchez
ROACH HEWITT RUPRECHT
SANCHEZ & BISCHOFF, P.C.
66 Pearl Street, Suite 200
Portland, ME 04101
Telephone: (207) 747-4870
Fax: (866) 275-2505
E-mail: gsanchez@roachhewitt.com

Conor B. O'Croinin*
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD 21202–1031
Telephone: (410) 949–1160
Fax: (410) 659-0436
E-mail: cocroinin@zuckerman.com

*Denotes national counsel that will seek *pro hac vice* admission

*Counsel for CVS Pharmacy, Inc.*